Harper, J.
delivered the opinion of the Court.
We are of opinion that Philip Cohen’s title to the King Street lot, was out of him by his assignment under the insolvent debtor’s act, and consequently that he could convey no title to the plaintiff. It may be true, according to the idea of the presiding judge, that such an assignment between individuals would transfer only an equitable interest. But the express terms of the act are, that all the “estate interest and property of the debtor,” shall by it be vested in the as-signee. Between individuals too, such an assignment could have no effect unless accepted. But property may be vested by operation of law without the party’s assent. So property is vested in the commissioners of bankruptcy under the operation of the bankrupt laws. If there be a devise to a trustee who refuses to accept, the estate does not vest in the heir at law. Equity will supply the defect of a trustee. The act is positive, that the assignmentto the creditor, or such person as the Court may direct, shall have the effect of vesting the whole property and estate in the assignee. There is nothing absurd or ineonsis- *208 tent in supposing the estate vested for the purposes of the law, in the assignee without his acceptance. He cannot be compelled to act, but his place may be supplied* At all events, it would be to defeat the purposes of the act and contravene its plain provisions, to suppose that after the assignment, any estate remains in the debtor which he is capable of conveying, and it is immaterial, if at the time of the assignment, Philip Cohen had only a life estate in a moiety of the lot, with a contingent remainder in the whole. What the act contemplates, is plainly this, that the corpus of the property shall be described in the schedule, and then, by the assignment, the whole interest and estate of the debtor passes, whatever that interest and estate may be. This remainder was capable of being assigned, and the law transferred it. Nor can we conclude from the lapse of time in this case without any evidence, that the purposes of the trust are discharged and the property revested. Indeed it was stated in the cause, on the part of the plaintiff, that the present suit is for the benefit of creditors under the assignment.
T. S. & H. Grimke, & Dunicin, for the motion.
Pettigru & Hunt, contra.

The motion is granted.

Johnson & O’Neall, Js. concurred.